### MEACHÀM VS. BATCHELDER and others.

PARTNERSHIP — JOINT LIABILITY. — In an action against two or more on an acceptance by one of them, an order to establish a joint liability, it must be shown that they were partners and that the acceptance was for the firm, or that they contracted as joint debtors.

(3 Chand., 316.)

ERROR to the County Court of *Walworth* County.

*Meacham* brought an action of assumpsit against *Geo. Batchelder*, *Amplias Chamberlain* and *Henry Bradley*, upon an order drawn on them in favor of the plaintiff by one Lewis, which is set out in the opinion of the court. The material facts are contained in the opinion of the court.

*Winsor & Smith*, for plaintiff in error.

*L. Cowdery*, for defendants in error.

KNOWLTON, J. This was an action of assumpsit, commenced in a justice's court, by the plaintiff in error against the defendants in error. The declaration was for money had and received by the defendants for the use of the plaintiff, and also an order in these words:

" WM. BATCHELDER & Co. Pay *U. D. Meacham* in goods out of your store, the principal due on a note Jesse Meacham

holds against me, and charge to my account; said note was given to one Ward, of Troy, a merchant.

"Elkhorn, May 15, 1845.          (Signed) S. S. LEWIS."

This order was indorsed on the back "S. S. Lewis, order." The note referred to reads as follows:

"$14.69.                    TROY, January 21, 1845.

"Thirty days after date, for value received, I promise to pay O. H. Ward, or bearer, fourteen dollars and sixty-nine cents, with interest from date.          (Signed) S. S. LEWIS."

The defendants admitted the drawing of the order, and that it was received by the defendant, *Chamberlain*, and that he put the above mentioned indorsement thereon ; that it was received by *Chamberlain* at or about the time it was drawn. The plaintiff introduced proof on that branch of the declaration relating to money had and received ; other proof on the part of the plaintiff and defendants was given, not necessary to advert to in order to dispose of the cause in this court. The cause was submitted to the justice, who rendered judgment in favor of the plaintiff for two dollars and fifty cents damages and costs, the amount of money had and received. The plaintiff then removed the cause into the county court of Walworth county, by writ of *certiorari*, where he assigned for error that the justice erred in not allowing the plaintiff the amount of the order in his said declaration set forth. The county court at its March term, 1850, affirmed the judgment of the justice. To reverse this judgment this writ of error is prosecuted.

The only point properly presented for the consideration of this court is, whether the plaintiff by his proof was entitled to recover of the defendants the amount of the order in controversy. The solution of this matter depends upon the fact whether there was any joint liability established against the defendants by the evidence, either as copartners or as joint debtors, as to said order. The making such proof was essen-

Meacham vs. Batchelder and others.

tial in order to enable the plaintiff to recover therefor. No averment appears in the declaration that these defendants were or had been partners. He was therefore bound to prove that the defendants jointly accepted or promised to pay this order, or else prove that the defendants were partners, so that the act of one in accepting the order would have bound the other members of the firm. From the evidence returned in the record, it is obvious that the plaintiff in no way established a joint liability against the defendants. The county court, therefore, properly affirmed the judgment.

The judgment must therefore be affirmed, with costs.